**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RANDALL LABAUVE and** | * | **CIVIL ACTION NO. _____** |
| **STEPHANIE LABAUVE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **SECTION _____** |
| | * | |
| **JPMORGAN CHASE BANK, N.A.,** | * | **JUDGE _____** |
| | * | |
| **Defendant.** | * | **MAGISTRATE _____** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A. (Chase), defendant in the civil action entitled "*Randall LaBauve and Stephanie LaBauve v. JP Morgan Chase Bank, N.A.*," Suit No. 656,174, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, file this notice of removal of the civil action to the United States District Court for the Middle District of Louisiana.

A copy of this notice of removal is being filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in conformity with 28 U.S.C. § 1446(d), as amended.

Chase respectfully represents that the grounds for removal are:

1.

On or about March 13, 2017, plaintiff filed a Petition for Damages and Request for Written Notice in the matter entitled "*Randall LaBauve and Stephanie LaBauve v. JP Morgan Chase Bank, N.A.*," Suit No. 656,174, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (Petition), which is within the jurisdiction of the Middle District of Louisiana.

890260.1

2.

Named as defendant in the Petition is JPMorgan Chase Bank, NA.

3.

Generally, the plaintiffs asserts that they had a mortgage with Chase, which required that an Escrow Account be established for the payment of certain Escrow Items, including premiums for insurance required by the lender.  The mortgage also required the plaintiffs to maintain property and flood insurance on the property.  If plaintiffs failed to maintain insurance coverage, the lender was entitled to obtain insurance coverage at plaintiff's expense.

4.

On or about May 25, 2016, plaintiffs allege Chase renewed a policy of Residential Property Flood Coverage with effective dates of June 17, 2016 to June 17, 2017 (Flood Policy). Plaintiffs allege that Chase improperly had itself named as an insured on the Flood Policy and plaintiffs named as additional insureds.  The Flood Policy had a coverage limit of $94,400.00 and Increased Cost of Compliance Coverage (ICC) of $30,000.00.

5.

Plaintiffs allege that in June 2016 or July 2016, Chase unilaterally and improperly violated the terms of the Escrow Agreement and Mortgage by transferring money out of the Escrow Account without plaintiffs' permission.  Additionally, Chase unilaterally and improperly terminated the Flood Policy.

6.

Plaintiff assert they did not receive advance notice of Chase's intent to cancel the Flood Policy and did not have sufficient opportunity to obtain Flood Insurance.

7.

The property in question flooded during the August 2016 floods in the Baton Rouge area.

8.

Plaintiffs allege the following causes of action against Chase: breach of fiduciary duty; misappropriation and/or conversion; fraud and intentional misrepresentation; a breach of the Real Estate Settlement Procedures Act (RESPA); negligence / fault; breach of contract including the duty of good faith and fair dealing; violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.*; and detrimental reliance.

9.

Plaintiffs do not allege a specific amount of damages which they contend they are owed. However, Plaintiffs assert that their damages are in excess of the Flood Policy coverage limits.

10.

One year has not expired since the commencement of this action.

11.

**FEDERAL QUESTION JURISDICTION**

The above described action is one over which the court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that this case arises under the laws of the United States.  Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed to the United States District Court for the Middle District of Louisiana.

12.

Congress has directed that federal courts have jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Normally, the well-pleaded complaint" rule requires that, for a federal court to have "arising under" jurisdiction, the

plaintiff's federal law claims must appear on the face of the complaint. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

13.

Plaintiffs have specifically pled federal claims in their Petition – a violation of the Real Estate Settlement Procedures Act, which is found at 12 U.S.C. § 2601, *et seq.*

14.

**DIVERSITY JURISDICTION**

The above described action is one over which the court also has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the parties are diverse and the amount in controversy is in excess of $75,000.00.

15.

Plaintiffs assert in the Petition that they are residents of East Baton Rouge Parish.

16.

Chase is a national banking association. "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, "a national bank ... is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797.

17.

At the time of the commencement of the state court action and now, Chase was and is a national banking association with its main office, as set forth in its articles of association, in the State of Ohio. Chase's principal place of business is located in the State of New York.

18.

Plaintiffs also assert that their damages are in excess of the policy limits of the Flood Policy, which plaintiffs identify as $94,400.00 and ICC Coverage of $30,000.00

19.

As the grounds for federal question jurisdiction and diversity jurisdiction are met, this case may be removed to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1441.

20.

Chase's removal of this action is timely as Chase files this Notice of Removal within 30 days of its receipt of the Petition.

21.

This Court may also maintain jurisdiction over the plaintiffs' state law claims under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

22.

The only process, pleadings, and orders filed in this matter of which Chase is aware are the following:

    a.    Fax filed petition for damages and request for written notice, requests for production of documents, and interrogatories;

    b.    Petition for Damages and Request for Written Notice;

    c.    Requests for Production of Documents;

    d.    Interrogatories;

    e.    Citation to JPMorgan Chase Bank, NA;

    f.    Citation to Louisiana State Attorney General;

  g.  Service return on JPMorgan Chase Bank, NA; and

  h.  Service return on Louisiana State Attorney General.

Filed herewith as Exhibit A is a copy of all documents filed in the 19th Judicial District Court as of this date.

23.

Pursuant to 28 U.S.C. § 1446(a), Chases attaches as Exhibit A copy of all processes, pleadings and orders served upon them.

24.

Promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of the notice of removal will be filed with the Clerk of the 19th Judicial District Court as provided by law

25.

This notice of removal does not waive any objections, motions and exceptions that defendants would have if this matter remained in state court.  Chase reserves all objection, motions and exceptions it may have.

26.

WHEREFORE, defendant JPMorgan Chase Bank, N.A., prays that this notice of removal be accepted as good and sufficient, and that the aforementioned Petition for Damages be removed from the state court to this Honorable Court for trial and determination as provided by law, that the court enter such orders and issue such process as may be property to bring before it, including all copies of all records and civil proceedings in the civil action form state court, and there upon proceed with the civil action as if it had originally be commenced in this court.

890260.1

Respectfully submitted,

*/s/ Amanda S. Stout*
Michael D. Ferachi (La Bar No. 19566)
Amanda S. Stout (La. Bar No. 29001)
McGLINCHEY STAFFORD
301 Main Street, Suite 1400
Baton Rouge, LA 70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF SERVICE

I certify that on April 26th, 2017, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.

*/s/ Amanda S. Stout*
Amanda S. Stout