**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RANDALL LABAUVE ET. AL.                                                 CIVIL ACTION

VERSUS                                                                             17-259-SDD-RLB

JPMORGAN CHASE BANK, N.A.

## RULING

Before the Court is a *Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b)*[1] filed by Defendant JP Morgan Chase Bank, N.A. ("Defendant" "JP Morgan"). Plaintiffs, Randall and Stephanie LaBauve, ("Plaintiffs") filed an *Opposition*,[2] to which JP Morgan filed a *Reply*.[3] For the following reasons, the Defendant's *Motion*[4] is GRANTED.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[5]

Plaintiffs own immovable property located in East Baton Rouge Parish.[6] The Plaintiffs executed a $47,000.00 Note ("Note") in favor of the Whitney National Bank ("Whitney Bank") on May 24, 2005. Simultaneous to the execution of the Note, Plaintiffs executed a Mortgage agreement ("Mortgage") wherein the immovable property was pledged as collateral for the Note. Plaintiffs allege that they, pursuant to the Mortgage, agreed to pay funds to Lender which would be deposited into an Escrow Account for

---

[1] Rec. Doc. 9.
[2] Rec. Doc. 19.
[3] Rec. Doc. 22.
[4] Rec. Doc. 9.
[5] The Court draws the factual basis from Rec. Doc. 1-1.
[6] *Id.* at p. 2.
43935

certain Escrow Items.  Plaintiffs maintain that they paid the amounts for the Escrow Items.[7]  In addition to the Escrow Items outlined in the Mortgage, Plaintiffs were also required to maintain property and flood insurance on the immovable property for the duration of the term outlined in the Note.  Plaintiffs argue that if they failed to maintain the flood and property insurance then Whitney Bank "was entitled to obtain such insurance coverage at [Plaintiffs' expense.]"[8]  Plaintiffs further argue that any flood or property insurance for the property, whether purchased by themselves or Whitney Bank, must name the Plaintiffs as the insureds and Whitney Bank as an additional payee.

Following the execution of the Note and Mortgage, Whitney Bank assigned the Note and Mortgage to JP Morgan Chase Bank, NA, the Defendant in the present case.  Plaintiffs were provided notice of the assignment of their Note and Mortgage.  Plaintiffs maintain that they "performed all duties, obligations, and conditions placed upon them by both the Note and the Mortgage."[9]  Around May 25, 2016, JP Morgan Chase renewed a residential property flood insurance policy with American Security Insurance Company which would go into effect on June 17, 2016 and remain in effect till June 17, 2017.[10]  Plaintiffs allege that the Defendant incorrectly identified JP Morgan Chase as the insured on the flood policy, and the Plaintiffs as additional insureds.  The flood policy "provided coverage for the Property with limits of $94,000 and JCC coverage of $30,000.00."[11]  According to Plaintiffs, the Defendant cancelled the flood insurance policy on the property without giving prior notice to the Plaintiffs.  The property flooded and sustained property

---

[7] *Id.* at p. 3.
[8] *Id.*
[9] *Id.* at p. 4.
[10] *Id.*
[11] *Id.*
43935

damage as a result of the August 2016 floods.

Plaintiffs allege that Defendants acts constituted a breach of fiduciary duty, misappropriate and/or conversion, fraud and intentional misrepresentation, a breach of the Real Estate Settlement Procedures Act ("RESPA")[12], negligence, breach of contract, breach of the Louisiana Unfair Trade Practices Act ("LUTPA"), and detrimental reliance. The Defendant now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) ("12(b)(6)") to dismiss Plaintiffs' claims for breach of fiduciary duty and unfair trade practices, and violation of RESPA.[13] Defendant also moves under Federal Rule of Civil Procedure 9(b) ("9(b)") to dismiss Plaintiffs' claims for fraud and intentional misrepresentations.[14] In their *Opposition*, Plaintiffs "voluntarily dismiss their LUTPA claims."[15] Accordingly, the Court will only analyze Plaintiffs' RESPA and breach of fiduciary duty claims under 12(b)(6) and fraud and intentional misrepresentation claims under 9(b).

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] "To

---

[12] 12 U.S.C. § 2602(1)(2012).
[13] Rec. Doc. 9-1, p. 1.
[14] *Id.*
[15] Rec. Doc. 19, p. 1.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

43935

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[22] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[21] *Twombly*, 550 U.S. at 570.
[22] *Iqbal*, 556 U.S. at 678.
[23] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[24] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
43935

## B. RESPA

The Defendant seeks the dismissal of Plaintiffs' claim for a violation of RESPA, which applies exclusively to "federally related mortgage loan[s]," because the Petition does not specifically allege that the Mortgage at issue falls within this category.[25] In opposition, Plaintiffs explain that this deficiency is an "oversight [that] does not warrant the dismissal of the action," and request leave to amend to allege this fact specifically.[26] While there is no Fifth Circuit precedent addressing whether a Plaintiff claiming a violation of RESPA must specifically plead that the mortgage at issue is federally related, several district courts within the Fifth Circuit have addressed the issue.[27]

In *Lorasco v. JP Morgan Chase Bank, N.A.*, the District Court for the Eastern District of Louisiana dismissed a Plaintiff's RESPA claim for failure to plead that the mortgage at issue was federally related, but granted plaintiffs' request for leave to amend their complaint to specifically allege that the mortgage was federally related.[28] The *Lorasco* court quoted the District Court for the Southern District of Mississippi which reasoned:

> The Fifth Circuit has not yet addressed the issue, but courts in other jurisdictions have held that a plaintiff who does not specifically allege that his mortgage loan was a 'federally related mortgage loan' in his complaint does not have standing to assert a RESPA claim, and thus such claims must be dismissed.[29]

---

[25] Rec. Doc. 9-1, p. 8. *See* 12 U.S.C. § 2602(1)(2012).
[26] Rec. Dec. 17-2 at 10—11.
[27] *See Loraso v. JP Morgan Chase Bank, N.A.*, 2013 WL 5755638 at *8 (E.D. La. Oct. 23, 2013) (quoting *Middleton v. Ameriquest Mortg. Co.*, 2010 WL 2653293 at *4 (S.D. Miss. June 24, 2010) (further citing *Gardner v. First Amer. Title Ins. Co.*, 294 F.3d 991, 993 (8th Cir., 2002)); *Gauci v. HSBC Bank USA, Nat'l Assc.*, 2017 WL 822797, at *4 (S.D. Miss. Mar. 2, 2017).
[28] *Lorasco*, 2013 WL 5755638 at *8.
[29] *Id.*
43935

Given that RESPA statute specifically states that it applies only to "federally related mortgage loans,"[30] the Court is in agreement with our fellow district courts that a Plaintiff may only have standing to assert at RESPA claim if he or she pleads that the mortgage at issue is federally related. The Court further agrees with the *Lorasco* court that a plaintiff's failure to plead that a mortgage is federally related does not merit dismissal with prejudice given the absence of Fifth Circuit jurisprudence on this issue.

Accordingly, Defendant's motion to dismiss Plaintiffs' RESPA claim is **DISMISSED WITHOUT PREJUDICE.** Furthermore, Plaintiffs' request for leave to amend their RESPA claim is hereby **GRANTED.**

### C. Breach of Fiduciary Duty

The Defendant moves to dismiss Plaintiffs' breach of fiduciary duty claim because "(P)laintiffs do not allege any facts which give rise to a cause of action against Chase for breach of fiduciary duty. Notably, the Petition contains no allegation of the existence of a 'special relationship,' nor does the Petition assert that Chase enjoyed any form of an advantage over the plaintiffs."[31] Plaintiffs counter that they "allege that they have a written agreement (the Mortgage) with Defendant that expressly creates a special or fiduciary relationship."[32] Accordingly, the question before the Court is whether a mortgage agreement creates a fiduciary relationship under Louisiana law.

While Plaintiffs *Opposition* is replete with legal definitions and Louisiana jurisprudence on general breach of fiduciary duty claims, Louisiana Revised Statute § 6:1121, *et seq.* precludes petitioners from alleging a fiduciary relationship exists with a

---

[30] 12 U.S.C. § 2602(1)(2012).
[31] Rec. Doc. 9-1, pp. 4-5.
[32] Rec. Doc. 19-1, p. 8.
43935

financial institution by implication. Given that Defendant is inarguably a financial institution the Court, per the legal interpretive principle *generalia specialibus non derogant*, specific governs the general,[33] will consult the relevant statutes and jurisprudence which specifically relates to a financial institution's alleged breach of fiduciary duty.

Louisiana Revised Statute § 6:1124 provides that:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, *unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary*. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and *shall apply to all types of relationships to which a financial institution may be a party.*[34]

The Eastern District of Louisiana in *Lorasco* also examined the pleading requirement for a Plaintiff asserting a breach of fiduciary duty claim against a financial institution.[35] The *Lorasco* Court dismissed the plaintiffs' breach of fiduciary duty claim because plaintiffs "merely argue that Chase had some sort of implied agreement to act as a fiduciary, despite the absence of a written fiduciary agreement. Plaintiffs' failure to allege a written

---

[33] *Nitro-Lift Technologies, L.L.C. v. Howard*, 568 U.S. 17, 21 (2012).
[34] La.R.S. § 6:1124
[35] *supra* n. 28.
43935

fiduciary agreement is fatal to their claim for breach of fiduciary duty."[36]  Like the plaintiffs in *Lorasco*,[37] Plaintiffs in the present case argue that the written fiduciary agreement is the mortgage on the immovable property.[38]  As the Fifth Circuit stated in *Whitfield v. Countrywide*, "the relationship between the [plaintiffs] and [defendant financial institution] was governed by the mortgage contract, and the [plaintiffs] fail to identify a writing which, in light of the contractual terms, shows that [defendant financial institution] failed any fiduciary obligations."[39]  Plaintiffs' mere assertion that their mortgage with the Defendant creates a fiduciary relationship is contrary to the Fifth Circuit's decision in *Whitfield* – the Plaintiff must specifically identify, not imply, a written agreement wherein JPMorgan agreed "to act and perform in the capacity of a fiduciary."[40]

Accordingly, Defendant's motion to dismiss Plaintiffs' breach of fiduciary duty claim is **DISMISSED WITHOUT PREJUDICE.**  Given that Plaintiffs' have not amended their complaint, their request for leave to amend their breach of fiduciary duty claim is hereby **GRANTED.**

### D. Motion to Dismiss Under Rule 9(b) Plaintiffs' Fraud Claims

Under Rule 9(b), a heightened pleading requirement exists for fraud claims, such that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."  Only "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[41]  Thus, a claim of fraud cannot be based on

---

[36] *Id.* at n. 5.
[37] *Id.* at *2.
[38] Rec. Doc. 19, p. 8.
[39] 252 Fed.Appx. 654, 656 (5th Cir. 2007).
[40] *supra* n. 34.
[41] Fed. R. Civ. P. 9(b).
43935

mere "speculation and conclusory allegations,"[42] and the Fifth Circuit strictly interprets the requirements for pleading fraud.[43] Essentially, Rule 9(b) "requires 'the who, what, when, where, and how' to be laid out."[44]

Plaintiffs' allegations of fraud, whether affirmative or by omission, fail for lack of particularity. Plaintiffs allege that Chase Bank made "false and misleading misrepresentations and/or omissions concerning material facts, expecting and realizing that Petitioners [] would rely upon the misrepresentations and omissions," but do not specify the circumstance surrounding these representation.[45] Plaintiffs allege that Chase Bank misrepresented that Plaintiffs:

> would be the insured under the Flood Policy, that the Flood policy would be in effect until the ends of its term, that the Flood Policy would not and/or could not be unilaterally canceled, that the Funds deposited into the Escrow Account would only be used for those purposes authorized by law, and/or that they had complied with the terms of the Mortgage.[46]

The falsity, medium, author, or timing of these representations are not contained within the Petition or Plaintiffs' Opposition to Defendant's Motion to Dismiss. These statements are conclusory "the-defendant-unlawfully-harmed-me accusation[s],' " rather than factual allegations from which the Court could decide that they have a plausible claim for relief based upon fraud.[47]

---

[42] *U.S. ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 385 (5th Cir. 2003).
[43] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009), *cert. denied*, 558 U.S. 873, 130 S.Ct. 199, 175 L.Ed.2d 125 (2009).
[44] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).
[45] Rec. Doc. 1-1, p. 8, ¶¶ 41, 42.
[46] *Id.* at ¶ 40.
[47] *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted)).
43935

Further, Plaintiffs seemingly plead that the same actions by Chase Bank amount to fraud by omission or silence by impliedly relying on the assumption that Chase Bank had the duty to inform Plaintiffs of the allegedly fraudulent statements.[48] In pertinent part, Plaintiffs allege that:

> had [the misrepresentations and omissions of fact] been known and/or fully disclosed to Petitioners [, they] would have caused Petitioners to confront Defendant [] and demand that [Petitioners] would be the insureds under the Flood Policy, that the Flood Policy would remain in effect until the end of its term that the Flood Policy would not and/or could not be unilaterally canceled, that it would not cancel the Flood Policy, that the Funds deposited in the Escrow Account would only be used for those purposes authorized by law, and/or that they had complied with the terms of the Mortgage.[49]

This potentially alternative claim of fraud also lacks particularity because the Plaintiffs do not allege, either generally or particularly, the existence of Defendant's duty to tell the Plaintiffs of the cancellation of the insurance policy, and insufficiently allege the existence of a fiduciary relationship between the parties.[50] The Plaintiffs also fail to allege that Defendant is contractually obligated to disclose the change of the name insured or termination of the insurance policy, either prior to or contemporaneous with execution.

The Fifth Circuit allows a less stringent application of the particularity standard under Rule 9(b) when "the facts are peculiarly within the perpetrator's knowledge—that is, not available from some other source—and the party alleging fraud sets forth a factual basis for his belief," but this exception is not applicable to the present case.[51] Plaintiffs

---

[48] Rec. Doc. 1-1, p. 8, ¶ 41.
[49] *Id.*
[50] *See* La. C.C. art. 1953; La. R.S. § 6:1124.
[51] *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*, 2010 WL 4942206, at *2 (M.D. La. Nov. 30, 2010) (citing *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir.1999); *see also Sealed Appellant I v. Sealed Appellee I*, 156 Fed. Appx. 630, 634 (5th Cir.2005) (demonstrating what
43935

have not alleged this basis to justify relaxing Rule 9(b). Further, the fact that the Plaintiffs acknowledge that the Mortgage imposed the burden of obtaining and keeping insurance on the property on the Plaintiffs arguably prevents application of this lower standard.[52]

Given the above Fifth Circuit case law determining the sufficiency of factual allegations constituting fraud under Rule 9(b), Defendant's motion to dismiss Plaintiffs' fraud claims is **GRANTED.** Plaintiffs have merely generally alleged that Defendants misrepresented the specifics of the insurance policy renewal, a responsibility the Plaintiffs plainly acknowledged contractually belonged to them in the *Petition*.[53] Plaintiffs completely failed to identity the time, place, contents, falsity, or speaker of the allegedly fraudulent statements on behalf of Chase Bank. This deficiency, however, does not automatically lead to a dismissal with prejudice.[54] Given that Plaintiffs have requested leave to amend the fraud claim, and Plaintiffs have not previously amended their complaint, it is hereby **GRANTED**.[55]

---

constitutes a sufficient factual basis: particular documents containing false statements, identified by number, date or otherwise, or explanations of how the party tried, but failed to obtain the information sought)).
[52] Rec. Doc. 1-1, p. 3, ¶ 8.
[53] *Id.*
[54] *supra* n. 51 at *3.
[55] *Id.* (citing 5A Wright & Miller, supra, § 106; see also *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir., 2000)).
43935

### III. CONCLUSION

For the above stated reasons, the Defendant's *Motion to Dismiss*[56] is **GRANTED** and Plaintiffs' RESPA, Breach of Fiduciary Duty, and Fraud claims are hereby **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs' prayer for leave to amend their Complaint regarding their RESPA, Breach of Fiduciary Duty, and Fraud claims is hereby **GRANTED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 1, 2018.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[56] Rec. Doc. 9.
43935